UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

v.                                                              CASE NO.: 2:24-cr-1-SPC-KCD

DANIEL CARSON MILLER

**ORDER**

Defendant Daniel Miller was previously before the Court for a detention hearing under 18 U.S.C. § 3142(f). The Court found that "the Government met its burden of proving by clear and convincing evidence that [Defendant] is a danger to the community." (Doc. 23 at 1.) Thus, he was "detained pending trial." (*Id.* at 2.)

Defendant now moves the Court to reconsider and vacate its detention order because his mother is "bedridden, and her mental facilities continue to deteriorate." (Doc. 50 at 4.) Defendant "wishes to be able to visit his mother during what may be her final illness." (*Id.*)

Section 3142(f)(2) of Title 18 of the United States Code provides:

> The [detention] hearing may be reopened, before or after a determination by the judicial officer, at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community.

18 U.S.C. § 3142(f)(2).

Thus, to warrant the reopening of a detention hearing, a defendant must show that: (1) there is new information that did not exist or was unknowable at the time of the hearing; and (2) the new information has a material bearing on the issue of whether there are conditions of release that will reasonably assure a defendant's appearance at trial and the safety of the community. *See United States v. Watson*, 475 F. App'x 598, 600 (6th Cir. 2012); *United States v. Peralta*, 849 F.2d 625, 626 (D.C. Cir. 1988). "Courts have interpreted this provision strictly, holding that hearings should not be reopened if the evidence was available at the time of the initial hearing" or is not material. *United States v. Pon*, No. 3:14-CR-75-J-39PDB, 2014 WL 3340584, at *3 (M.D. Fla. May 29, 2014). Furthermore, even if a defendant submits new information that is material, the statute's use of the word "may" provides the district court with discretion in this arena. There is no requirement to reopen a detention hearing. *United States v. Brown*, No. 8:21-CR-348-SCB-SPF, 2022 WL 309430, at *2 (M.D. Fla. Feb. 2, 2022).

Defendant's motion fails on several fronts. For starters, his mother's failing health was known at the initial bond hearing. But even if considered "new," this information is not material. Information is "material" for purposes of § 3142(f)(2) only if it makes the defendant less likely to fail to appear or less likely to pose a danger to the community. *Watson*, 475 F. App'x at 600. The condition of Defendant's mother has no bearing on his dangerousness to the

community, which is why he was detained. Finally, Defendant's arguments do not change the Court's view that he poses a danger to the community if released. The conditions of release offered by Defendant—and reiterated in the current motion—would still leave him in a position to access the internet (though his father's computer).

Accordingly, Defendant's Motion to Vacate (Doc. 50) is **DENIED**.

**ORDERED** on May 22, 2024.

Kyle C. Dudek
United States Magistrate Judge